# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CITY OF WILMINGTON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N15C-11-152 ALR |
| | ) | |
| NATIONWIDE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Appellee. | ) | |
| | | |
| CITY OF WILMINGTON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N15C-09-244 EMD |
| | ) | |
| VICTORIA INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Appellee. | ) | |

## ORDER

*Upon Appellant's Motion to Consolidate*
**GRANTED**

Upon consideration of the motion to consolidate filed by Appellant City of

Wilmington ("City") for the limited purpose of deciding the motions to dismiss

filed on behalf of Appellees Nationwide Insurance Company ("Nationwide") and

Victoria Insurance Company ("Victoria"), Victoria's opposition thereto, and

Nationwide's opposition thereto;[1] the facts, arguments and legal authorities set forth by all parties; decisional precedent; and the record of this case, the Court finds as follows:

1. On September 28, 2015, City commenced an action against Victoria ("Victoria Action"), demanding a trial *de novo* from a Department of Insurance Arbitration Award Panel ("Arbitration Panel") award dated August 28, 2015, that found in favor of Victoria.

2. On November 18, 2015, City commenced an action against Nationwide ("Nationwide Action"), demanding a trial *de novo* from an Arbitration Panel award dated October 19, 2015, that found in favor of Nationwide.

3. On February 26, 2016, Nationwide filed a motion to dismiss the Nationwide Action, arguing that the Superior Court lacks subject matter jurisdiction to hear the Nationwide Action under Superior Court Civil Rule of Procedure 12(b)(1) and 21 *Del. C.* § 2118(g)(3).

4. On March 2, 2016, Victoria filed a motion to dismiss the Victoria Action, arguing that the Superior Court lacks subject matter jurisdiction to hear the Victoria Action under Superior Court Civil Rule of Procedure 12(b)(1) and 21 *Del. C.* § 2118(g)(3).

---

[1] Specifically, on April 14, 2016, Victoria filed a response in opposition to City's motion to consolidate. On April 18, 2016, Nationwide filed a notice of adoption of Victoria's response.

5.     On March 30, 2016, City filed a motion to consolidate the Nationwide Action and the Victoria Action for the limited purpose of considering the pending motions to dismiss filed by Nationwide and Victoria respectively.  City argues that the motions to dismiss should be consolidated because the motions request nearly identical relief, present an issue of first impression and, therefore, inconsistent rulings should be avoided, and neither Victoria nor Nationwide would suffer prejudice as a result of consolidation.

6.     On March 14, 2016, Victoria responded to City's motion to consolidate in opposition thereto, arguing that the risk of inconsistent judgments and the mere fact that there is a common question are insufficient to consolidate the matters.  On April 18, 2016, Nationwide filed a notice of adoption of Victoria's responsive motion.  Nationwide and Victoria argue that each motion to dismiss should be heard separately by an independent Superior Court judicial officer in the interest of "future clarity, economy, and expedition on issues to be determined by mandatory arbitration pursuant to 21 *Del. C.* § 2118(g)(3)."[2]

7.     Superior Court Rule of Civil Procedure 42(a) ("Rule 42") provides:

> When actions involving a common question of law or fact are pending before the court, in the same county or different counties, the court may order a joint hearing or trial of *any or all the matters in issue* in the actions; it may order all the actions consolidated; and it may make

---

[2] Victoria's Response to City's Mot. to Dismiss, April 4, 2016, ¶ 10.

such orders concerning proceedings therein *as may tend to avoid unnecessary costs or delay*.[3]

The purpose of Rule 42 is to "give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."[4] Courts generally take a favorable view of consolidation.[5] However, there mere fact that there is a common question present—and consolidation is permissible under Rule 42—does not mandate that a judicial officer order consolidation.[6] Instead, "[c]onsolidation is really nothing more than a case management tool."[7]

8.      As already discussed, both the Nationwide Action and the Victoria Action were commenced by City, seeking a trial *de novo* from an Arbitration Panel. In both the Nationwide Action and the Victoria Action, Nationwide and Victoria respectively filed motions to dismiss presenting nearly identical arguments – that City is not entitled to a trial *de novo* from the Arbitration Panel and the Court lacks subject matter jurisdiction to hear the action under Superior Court Civil Rule of Procedure 12(b)(1) and 21 *Del. C.* § 2118(g)(3). Accordingly, both motions to dismiss involve common questions of law.

---

[3] Super. Ct. Civ. R. 42(a) (emphasis added).
[4] *Dove v. Demange*, 2008 WL 4152744, at *1 (Del. Super. Aug. 29, 2008) (internal citations omitted).
[5] *Id.*
[6] *Id.*
[7] *Id.* (internal citations omitted).

9.    Further, Victoria is a wholly owned subsidiary of Nationwide and Victoria and Nationwide are represented by the Law Office of Cynthia G. Beam.

10.    In the interest of judicial economy and to avoid any unnecessary costs or delay in these actions,[8] the Nationwide Action and the Victoria Action will be consolidated for the limited purpose of considering the nearly identical motions to dismiss filed by Nationwide and Victoria.

11.    This judicial officer will consider the consolidated motion to dismiss, now under advisement as of April 20, 2016.

**NOW, THEREFORE, this day of 20th day of April, 2016, Appellant City of Wilmington's motion to consolidate for the limited purpose of considering the motions to dismiss filed on behalf of Appellees Nationwide Insurance Company and Victoria Insurance Company is hereby GRANTED.**

    **IT IS SO ORDERED**.

*Andrea L. Rocanelli*

_____

    **The Honorable Andrea L. Rocanelli**

---

[8] *See* Super Ct. Civ. R. 42(a) (". . . and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.").